Rufus **GIBSON**, Plaintiff–Appellant,

v.

**D. DiRUBBIO, R. Haight, Giavatto, Torres, John Doe(s), New York State Correctional Officials at Fishkill Correctional Facility in their official and personal capacities, Defendants–Appellees.**

No. 00–0265.

United States Court of Appeals, Second Circuit.

April 18, 2001.

Rufus Gibson, Malone, NY, on the brief, pro se.

David Lawrence, III, Assistant Solicitor General of the State of New York, Mark Gimpel, Deputy Solicitor General, and Marion S. Buchbinder, Assistant Solicitor General, on the brief, for Eliot Spitzer, Attorney General, for appellees.

Present CARDAMONE, LEVAL and KATZMANN, Circuit Judges.

## SUMMARY ORDER

On May 4, 1999, plaintiff-appellant Rufus Gibson commenced this action *pro se* against five corrections officers at the Fishkill Correctional Facility. Gibson's complaint asserted a claim under 42 U.S.C. § 1983 alleging that defendants-appellees violated his Eighth Amendment rights by failing to take reasonable measures to guarantee his safety and to protect him from serious harm by other inmates, as well as state law claims of assault, battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. In a Memorandum and Order dated August 16, 2000, the district court dismissed Gibson's § 1983 and intentional infliction of emotional distress claims. The district court declined to exercise supplemental jurisdiction over Gibson's other state law claims and therefore dismissed them without prejudice.

On appeal, Gibson challenges the district court's dismissal of both his § 1983 claim and his claim for intentional infliction of emotional distress. We have reviewed Gibson's contentions and find them to be without merit. For a prison official to be liable under 42 U.S.C. § 1983 for the injuries a prisoner suffers at the hands of another prisoner, the plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), and (2) that the prison official was "deliberate[ly] indifferen[t]" to the plaintiff's health or safety, *Hayes v. New York City Dep't of Corr. .*, 84 F.3d 614, 620 (2d Cir.1996). The district court correctly dismissed Gibson's § 1983 claim because his complaint fails to allege facts from which one could reasonably conclude that defendants-appellees were ever deliberately indifferent to a substantial risk of serious injury to him. The district court was also justified in dismissing Gibson's intentional infliction of emotional distress claim. Gibson's complaint simply fails to allege conduct that rises to the level of outrageousness required to state a claim for intentional infliction of emotional distress under New York law. *See Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.